UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 3:24-CV-30111

| | |
|---|---|
| JOSE RIVERA, ) | |
|     Plaintiff, ) | |
| ) | |
| V. ) | **COMPLAINT** |
| ) | |
| DEPARTMENT OF ) | |
| JUSTICE ) | |
| ) | |
|     Defendants. ) | |

## **PARTIES**

1. The Plaintiff is a citizen of Massachusetts and an adult resident of Hampshire County.

2. The Defendant, Department of Justice, is an Agency of the United States.

## **JURISDICTION**

3. This court has original jurisdiction over the federal claims stated herein pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

## **VENUE**

4. This court has venue over this matter pursuant to 28 U.S.C. § 1391(e).

1

**STATEMENT OF FACTS**

5. Plaintiff is a criminal defendant in the Massachusetts case of *Commonwealth v. Jose Rivera*, Hampden County Superior Court Docket Number 1779CR00447.

6. The case is currently pending in Hampden Superior Court.

7. Plaintiff was charged with a shooting in Hampden County and was held in Hampshire County House of Correction awaiting trial.

8. About two years after he was first charged, a federal informant named Efraim Morales was placed in the same jail as the Plaintiff.

9. Mr. Morales subsequently made a number of statements to Assistant District Attorney Marie Antoinette Sandstrom regarding the Plaintiff, for which cooperation Mr. Morales was provided the consideration of uncontested release on bail among other benefits.

10. Among Mr. Morales's allegations were the following:

11. That the Plaintiff was a drug dealer who used his appointed lawyer to smuggle drugs into the prison.

12. That the Plaintiff was having an affair with his lawyer and that they were having inappropriate relations at the jail during visits.

13. That the Plaintiff was a well-known assassin who had confessed to the shooting.

14. That the Plaintiff had a cross-bow and was going to shoot the prosecutor with it.

15. That the Plaintiff was trying to arrange to have a witness named Shannon threatened so that she would not come to court.

16. That the Plaintiff had confessed to the originally charged shooting.

17. That the Plaintiff's sister's daughter could confirm his confession and/or involvement.

18. Mr. Morales admitted to having had access to Plaintiff's "paperwork" regarding the pending criminal case and to reviewing it.

19. Except for details in police reports, none of Mr. Morales's assertions was confirmed by subsequent investigation.

20. As result of Mr. Morales's statements, Plaintiff was charged in another case, *Commonwealth v. Jose Rivera*, Hampden Superior Court 2179CR00288, which was joined with the first, and Mr. Morales was identified as a government witness in both cases.

21. On June 13, 2022, ADA Sandstrom disclosed to Mr. Rivera's attorney that she had confirmed the following information about Mr. Rivera's relationship to federal authorities: (1) that he had a pending drug case that was not going to be indicted federally and would instead be prosecuted by ADA Sandstrom, and (2) that Mr. Rivera had cooperated with DEA agent John Barron in past investigations.

22. On July 26, 2022, ADA Sandstrom disclosed to Mr. Rivera's attorney that she had confirmed that Mr. Morales was *not* a cooperating witness with the United States Attorney's Office for the Southern District of New York.

23. In the July letter, ADA Sandstrom also stated "I am still waiting on final information from the following agencies: the DEA and the US Attorney's Office located in Springfield. I anticipate receiving this information by the end of

next week and will produce it to you as soon as possible. I understand my continuing obligations and duties under Mass.R.Crim.P. 14 and Brady and will abide by them."

24. For several years, there was no further disclosure about the DEA or about any pending case or consideration that Mr. Morales might be receiving from federal authorities.

25. Almost two years later, on February 1, 2024, less than two months before the case was scheduled to go to trial, ADA Sandstrom left the office of the District Attorney and sent a parting email in which she provided the following additional information:

26. "The U.S. Attorney's Office informed me that while Mr. Morales is facing federal charges (and they intend to indict him), other cases have been prioritized based upon his prior cooperation with the federal government. He had previously not been arrested on scene because he promised to cooperate."

27. The email did not specify the date on which ADA Sandstrom had received the discoverable details about Mr. Morales's cooperation or the continuing benefits he was receiving therefrom.

28. The trial was continued so that the Plaintiff could seek request the relevant information about Mr. Morales's activities as a federal informant and the benefits he had obtained and was obtaining therefrom.

29. On or about April 8, 2024, after trying and failing to obtain further information from the Office of the District Attorney, counsel for the Plaintiff applied for issuance of a pre-trial subpoena to the Department of Justice

(henceforth, the "Agency"), at the Office of the United States Attorney in Springfield, Massachusetts, seeking information about Mr. Morales's cooperation with federal authorities.

30. On May 6, 2024, assistant United States Attorney Christopher Morgan sent a responsive letter explaining that the Agency did not consider the subpoena a "request" under applicable *Touhy* regulations because the subpoena had not been preceded by a separate letter.

31. On or about May 7, 2024, Plaintiff's counsel sent a non-subpoena letter to the Agency requesting "records of all communication with or regarding Efraim Morales."

32. June 4, 2024, AUSA Morgan sent an email indicating that he still thought the request was a subpoena and would not respond.

33. On June 5, 2024, AUSA Morgan apologized and asked Plaintiff to submit a third request and promised that if Plaintiff were to submit a third request he would absolutely respond this time.

34. AUSA Morgan also specifically denied having provided any information to the District Attorney's Office about Mr. Morales. He specifically stated that *no such information had ever been provided* and suggested that counsel's impression to the contrary must have been the result of a "miscommunication."

35. On or about June 19, 2024, counsel for Plaintiff responded to AUSA Morgan's June 5th letter, treating his request for another letter as a request under subsection (d) of 28 C.F.R. § 16.22 for further details about the information

5

sought and / or its relevance to the proceeding. In addition to explaining the relevance of Mr. Morales's federal cooperation to Mr. Rivera's pending criminal cases, counsel provided, *inter alia*, a copy of ADA Sandstrom's email disclosure detailing the communications ADA Sandstrom had received from the Springfield U.S. Attorney's Office.

36. On or about July 18, 2024, counsel for Plaintiff sent a follow-up email to AUSA Morgan asking if the Agency intended to respond to the request now that it had been clarified.

37. On or about July 31, 2024, AUSA Morgan sent a letter to Plaintiff's counsel stating that the Agency would not be providing any information about Mr. Morales.

38. This complaint followed.

## **CLAIMS OF ACTION**
### 5 U.S.C. § 704

39. The Plaintiff incorporates as if restated here the allegations set forth in all preceding paragraphs.

40. The actions of the Office of the United States Attorney in this matter are

    a. Arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; or

    b. Contrary to the Plaintiff's constitutional right, power, privilege or immunity as secured under the 5th and 6th Amendments to the United States Constitution.

WHEREFORE the Plaintiff demands judgment to be entered against the Defendant Agency and asks this court to compel production of any records in its possession of communication with or regarding Efraim Morales.

Respectfully Submitted,
Jose Rivera
By Counsel
*/s/ Dana Goldblatt*
Dana Goldblatt
Law Office of Dana Goldblatt
150 Main St., St 28
Northampton, MA 01060
P: 413-570-4136
E: dana@danagoldblattlaw.com